SO ORDERED: March 21, 2014.



Robyn L. Moberly
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOHN TIMOTHY WORTHINGTON ) | CASE NO. 13-7740-RLM-13 |
| ) | |
| Debtor ) | |
| ) | |

**ORDER OVERRULING TRUSTEE'S OBJECTION TO AMENDED CHAPTER 13 PLAN FOR FAILURE TO OFFER ALL SOCIAL SECURITY INCOME**

The Trustee raised several objections to the Debtor's First Amended Chapter 13 Plan, all of which hinge upon the treatment of Debtor's social security income and whether the failure to include all of Debtor's social security income in Debtor's plan payments is bad faith. For the reasons stated herein, the Court finds that the Debtor is not obligated to devote all of his social security income to the Plan and the failure to do so is not bad faith.

***Background***

John Timothy Worthington ("Debtor") filed his Chapter 13 Petition on July 19, 2013. He promptly filed his proposed Plan on the same date. The Trustee contends that the definition of "current monthly income" spelled out in Bankruptcy Code sections

1

101(10A)(A) and (B) lead to the result that social security payments are included in a debtor's current monthly income.  Therefore, Trustee objected to Debtor's proposed Plan.  In response, Debtor amended his Plan and now offers $800 per month to the Plan.  The Trustee still objects to the confirmation of the Debtor's proposed Plan.  The parties filed briefs with the court and oral argument was held on March 10, 2013.

### *Analysis*

The Bankruptcy Code defines "current monthly income" in two subsections: 101(10A)(A) includes average monthly income from *all* sources that the debtor receives, without exclusion, and subsection 101(10A)(B) includes payments from non-debtors for debtor's expenses but *excludes* social security payments.  Therefore, the Trustee argues, Congress' intent to include social security was expressed in subsection 101(10A)(A), being the subsection dealing with income, and requires inclusion of social security payments in the meaning of "current monthly income".  Trustee's argument disregards Bankruptcy Code subsection 101(10A)(B), which augments the definition of "current monthly income"  with "any amount paid by any entity other than the debtor…, on a regular basis for the household expenses of the debtor,,, but *excludes benefits received under the Social Security Act*…."(emphasis added).  The Trustee does not harmonize the two subsections defining "current monthly income" without impermissible straining of the language used.

The Trustee's interpretation would give effect to the general language of subsection 101(10A)(A) over the specific exclusion of social security benefits provided in subsection 101(10A)(B) as well as the prohibition of 42 U.S.C. §407(b).   42 U.S.C. §407(b) forbids subjecting social security benefits to bankruptcy law without specific reference to the Social Security Act.  General language of a statutory provision, although broad enough to include it, cannot be held to apply to a matter specifically dealt with in another part of the same enactment. *United States v. Chase*, 135 U. S. 255, 260, 10 S. Ct. 756, 34 L. Ed. 117 (1890); *D. Ginsberg & Sons v. Popkin*, 285 U.S. 204, 208, 52 S. Ct. 322, 76 L. Ed. 704 (1932).  Thus, the axiom that specific statutory language controls over general statutory language resolves this question.  The court finds the definition of "current monthly income" under 11 U.S.C. §101(10A) (A) and (B)

2

does not include social security income.  The majority of circuits which have addressed this issue have likewise ruled social security benefits are not includable in section 101(10A)'s definition of "current monthly income".  (*see, In Re Carpenter,* 614 F.3d 930 (8th Cir. 2010); *Baud v Carroll,* 634 F. 3d 327 (6th Cir. 2011); *In Re Ragos,* 700 F.3d 220 (5th Cir. 2012); *In Re Welsh,* 711 F.3d 1120 (9th Cir. 2013)).

The Trustee contends that the term 'disposable income' used in Bankruptcy Code §1325(b)(2) includes social security income (by its reference to 'current monthly income') and the failure to include social security income in the determination of income available to fund the plan is bad faith under Section1325(a)(3).  Section1325(b)(2) states "…the term 'disposable income' means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended" for the support of the debtor and his dependents.  The definition of "current monthly income", which is the starting point for determining "disposable income", must necessarily be the same as defined in subsection 101(10A). The court finds this argument circuitous and not producing a different result.

The Trustee cites the court to *Foley v. Mains,* 2012 WL 612006 (W.D. Mich. February 24, 2012), a Sixth Circuit District Court case.  In the *Foley* case, the debtor had more than $1,339 per month income, including all social security income, over and above expenses and the debtor did not offer any of his social security benefits to the Plan, while paying less than 5% dividend to unsecured.  In *Foley,* the Debtor's scheduled debts were largely consumer debts reflecting nothing more than "living beyond their means".  The living expenses listed on Schedule J were grossly inflated and debtors could have easily paid all of their unsecured creditors 100% over a three year plan. *Foley* does not hold that social security benefits are includable in current monthly income, but instead held that, in the context of that case, the failure to devote any of the Debtor's social security income to the Plan was bad faith under 11 U.S.C.§1325(a)(3).

This brings us to the Trustee's second argument: the failure to include all of Debtor's social security income is bad faith under 11 U.S.C. §1325(a)(3).

3

A district court in the Ninth Circuit, affirming a bankruptcy court, indirectly addressed whether social security income should be considered in funding a Chapter 13 plan recently in *In Re Suttice,* 487 B.R. 245 (Bankr. C. D. Cal. 2013). *Suttice* was a chapter 7 case wherein the Trustee filed a motion to dismiss arguing the bankruptcy filing was abusive based on the totality of the circumstances, which included the debtor's receipt of social security income. The court enumerated factors to consider in determining whether the totality of the circumstances supports a finding of abuse of the bankruptcy process to include: debtor's likelihood of sufficient future income to fund a chapter 13 plan that would pay a substantial portion of unsecured claims, whether the petition was filed in response to a calamity, whether the schedules suggest that debtor obtained cash advances and consumer goods in excess of their ability to pay, whether debtor's budget is excessive, whether the statement of income and expenses misrepresents debtor's financial circumstances and whether debtor has engaged in eve-of bankruptcy purchases. The district court also found that, regardless of the outcome of the other factors, social security income could not be taken into account in determining whether the debtor could fund a chapter 13 plan for purposes of §707(b)(3)(B). *Id*. at 254.

*In Re Canniff,* 498 B.R. 213 (Bankr. S.D. Ind. 2013) provides an excellent review of relevant case law across the circuits. Trustee argues that *Canniff* was overturned by *Foley,* however, *Foley* was decided by the Sixth Circuit before *Canniff* was decided by the bankruptcy court of this district. Unlike the cases discussed above, after objection of the Trustee, Debtor has now offered $800 of social security income to the Plan. Debtor's gross income consists of roughly $5,100 earned income and $1,874 in social security benefits. While Debtor's expenses are high, Debtor nonetheless is offering nearly half of his social security benefits, which this court cannot find to be bad faith under 11 U.S.C.§1325. Trustee advanced no facts supporting bad faith beyond the assertion of the failure to offer all of the Debtor's social security income. Trustee's argument fails. Bolstering the argument that a failure to offer all of one's social security income to the Plan is not bad faith, one must remember that §407 of the Social Security Act specifically exempts social security benefits from being subject to bankruptcy law.

Debtors have offered a significant portion of their social security income to fund their plan. Other than inflated expenses, the Trustee has made no other argument to

4

support a finding that the plan was not offered in good faith. The Court cannot find a duty under the Bankruptcy Code to offer substantially all of a debtor's social security income to fund their plan.

Trustee's objection to confirmation of Debtor's chapter 13 Plan is overruled.

###

Distribution:
Amy Baker, Attorney for the Debtor
Brian Brothers, Attorney for the Chapter 13 Trustee, Ann Delaney
Christopher Baker, Attorney for Old National Bank